UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:10 CV 1067 RWS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on a Report and Recommendation to deny the relief sought by

Plaintiff in his Complaint and Brief in Support of his Complaint [#1 and #13]. Plaintiff's

Complaint seeks judicial review of the final decision of Michael J. Astrue denying Plaintiff's

application for Social Security benefits under Title II of the Social Security Act and for

Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This matter

was referred to United States Magistrate Judge Mary Ann L. Medler for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b).

Judge Medler issued a Report and Recommendation on June 27, 2011 that recommended

that the relief sought by Plaintiff be denied because substantial evidence on the record as a whole

supports Defendant's decision that Plaintiff is not disabled [#17].

Plaintiff filed an objection to Judge Medler's Report and Recommendation. Plaintiff

presents several arguments that the ALJ improperly concluded Plaintiff's complaints regarding

the severity of his pain were not credible and that the ALJ improperly concluded Plaintiff had a

residual functional capacity to perform light work.

Plaintiff argues the ALJ improperly found his complaints regarding the severity of his

pain to not be credible because Plaintiff's treating physicians found his complaints credible, manifested by their prescription of pain medication. Plaintiff seems to suggest the ALJ is bound by credibility determinations of the treating physicians, as inferred from their medical treatment. However, "[w]hen evaluating evidence of pain, the ALJ must consider (1) the claimant's daily activities; (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain; (3) any precipitating or aggravating factors; (4) the dosage, effectiveness, and side effects of any medications; and (5) the claimant's functional restrictions." Baker v. Sec'y of Health & Human Servs., 955 F.2d 522, 555 (8th Cir. 1992). Plaintiff also argues the Report and Recommendation attributes a line of reasoning to the ALJ's decision that did not exist, when Judge Medler found the ALJ's determination that work activity negatively impact's Plaintiff's credibility is supported by substantial evidence. In the ALJ's discussion of his credibility determination on Plaintiff's subjective complaints of pain, the ALJ reasoned "[a]lthough [Plaintiff] alleges pain of such severity that he must spend much of his time in a recliner, he has been able to continue working one or two days per weeks as a substitute teacher...without the necessity to use a recliner." I find Judge Medler properly recommended the ALJ's credibility finds are supported by substantial evidence.

Plaintiff also argues Judge Medler improperly recommended the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence. I find that Judge Medler properly recommended substantial evidence supports the ALJ's conclusion that Plaintiff can engage in light work with the restrictions and that this conclusion is consistent with the ALJ's finding regarding the medical evidence and Plaintiff's credibility.

After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate

Judge Mary Ann L. Medler set forth in support of her recommended ruling in the Report and Recommendation of June 27, 2011 and will deny the relief sought by Plaintiff in his Complaint and Brief in Support of Complaint [#1 and #13].

Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation of the United States Magistrate Judge Medler is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** the relief sought by Plaintiff in his Complaint and Brief in Support of Complaint [#1 and #13] is **DENIED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2011.